UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| WILL MCGINNIS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 25-045-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| LEXINGTON FAYETTE URBAN COUNTY GOVERNMENT, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Will McGinnis filed a motion to set aside a provisional ruling of United States Magistrate Judge Matthew A. Stinnett that permitted Defendant Lexington-Fayette Urban County Government ("LFUCG") to issue a subpoena to obtain records from some of McGinnis's medical providers. [Record No. 49] Magistrate Judge Stinnett entered an Order that denied McGinnis's motion to set aside and concluded that LFUCG could issue the subpoena at issue. [Record No. 59] Following the entry of the Magistrate Judge's Order, McGinnis filed objections pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, styled in part as a motion to set aside the Order [Record No. 60] For the reasons outlined below, Magistrate Judge Stinnett's order will be affirmed, McGinnis's objections will be overruled, and his motion to set aside will be denied.

**I.   Background**

McGinnis served as a correctional officer at the Fayette County Detention Center until his resignation in February 2024. [Record No. 16] He allegedly suffers from major depressive

disorder and has experienced depression for more than 10 years. [*Id.*] On January 16, 2024, following a workplace incident, McGinnis emailed his superior, Major LeMonds, stating that he was upset and unable to work. [*Id.*] He also inquired about the possibility of taking a leave of absence. [*Id.*]. Major LeMonds responded that a leave of absence was not available. [*Id.*]. McGinnis explored several options for relief but ultimately chose to resign by email on February 16, 2024. [*Id.*] According to McGinnis, Major Crawford informed him that if he resigned and reapplied for his previous position within a year, he would not need to reenroll in the training academy. [*Id.*]

McGinnis later filed this action against LFUCG, alleging violation of the Americans with Disabilities Act. [*Id.*] He claims LFUCG failed to provide reasonable accommodation or grant a leave of absence, discriminated against him when he reapplied for his position, and retaliated against him by refusing to rehire him. [*Id.*]

## II.     Legal Standard

Rule 72 of the Federal Rules of Civil Procedure provides, in relevant part, that "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision." Fed. R. Civ. P. 72(a). If a party objects to that decision within 14 days, "[t]he district judge in the case must … modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* "Under this standard, the magistrate judge's determination may be overturned by the district court only if it is 'clearly erroneous or contrary to law.'" *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993) (citing 28 U.S.C. § 636(b)(1)(A)). Here, Magistrate Judge Stinnett's Order was neither clearly erroneous, nor contrary to law.

### III.    Discussion

McGinnis objects to Magistrate Judge Stinnett's Order entered on October 26, 2025, arguing that it is "not in line with the Sixth Circuit, and the ADA." [Record No 60 at 1] Specifically, McGinnis contends that the order improperly permits service of an overly broad subpoena that capture irrelevant and privileged medical records. [*Id.*] The language at issue here concerns LFUCG's request to issue a subpoena to McGinnis's medical providers requesting the following records:

> All mental health and psychiatric records including, but not limited to: all physician, psychologist, psychiatrist, counselor, or therapist records; clinic or hospital records; charts; treatment notes; doctors' or providers' reports; office notes and memoranda; consultation reports; diagnostic assessments; testing results (including psychological evaluations, psychiatric assessments, and neuropsychological testing); treatment plans; discharge summaries; progress notes; and any and all other information concerning the care, diagnosis, treatment, and/or consultation for mental health or psychiatric disorders.

[Record No. 51-4]  The subpoena also seeks all related billing records. [*Id.*]

McGinnis argues that the subpoena is "clearly overbroad." [Record No. 60 at 2] He acknowledges that the defendant is entitled to mental health records relevant to his depression, as he raised that condition in his Complaint. [*Id.*] However, McGinnis maintains that this does not amount to a waiver of privilege for all his mental health records. [*Id.*] Magistrate Judge Stinnett already addressed this argument, finding that "the entire dispute hinges upon McGinnis' depression and LFUCG treatment or mistreatment of his condition." [Record No. 59 at 3] The Order correctly explained that the psychotherapist-patient privilege is waived when a party puts his emotion state "at issue" in the case. [*Id.* (citing *Maday v. Public Libraries of Saginaw*, 480 F.3d 815, 821 (6th Cir. 2007).] Magistrate Judge Stinnett further notes that McGinnis's claims are "premised on his mental health and its impact on his work, if any," and

that he seeks compensatory damages for mental health. [*Id.*] Magistrate Judge Stinnett rightly concluded that the subpoena was appropriately limited in both scope and duration. [*Id.*] The three-year time frame was deemed reasonable. [*Id.*] And the requested records were restricted to McGinnis's mental health. [*Id.*] Because McGinnis refused to sign a HIPAA release, the Magistrate Judge determined that a subpoena to his treating providers was the proper mechanism from obtaining this information. [*Id.*]

Accordingly, Magistrate Judge Stinnett's ruling properly considered the nature of McGinniss's claims and demands for damages, the scope of the subpoena, and the relevance of the requested records. [*See* Record No. 59.] The Order was neither erroneous nor contrary to law. Fed. R. Civ. P. 72(a).

Additionally, McGinnis states that, if the Court denies the defendant's request, he "will not seek damages for emotional distress." [*Id.*] However, as the defendant notes in its response, even if McGinnis were to amend his complaint to withdraw claims for emotional distress damages, his mental health remains relevant to his ADA discrimination and retaliation claims, which are based solely on alleged mistreatment related to his depression. [*See* Record Nos. 16 and 61.] Accordingly, it is hereby

**ORDERED** as follows:

1. The Order issued by Magistrate Judge Matthew Stinnett [Record No. 59] is **AFFIRMED**.

2. Plaintiff Will McGinnis's objections to Magistrate Judge Stinnett's Order [Record No 60] pursuant to Rule 72(a) of the Federal Rules of Civil Procedure are **OVERRULED**.

3.      Plaintiff Will McGinnis's motion to set aside Magistrate Judge Stinnett's Order [Record No 60] is **DENIED**.

Dated: November 6, 2025.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky