UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| WILL MCGINNIS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 25-045-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| LEXINGTON FAYETTE URBAN | ) | **MEMORANDUM OPINION** |
| COUNTY GOVERNMENT, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of motions for summary judgment filed by both Defendant Lexington-Fayette Urban County Government ("LFUCG") and Plaintiff Will McGinnis. [Record Nos. 79 and 83] After considering the parties' respective arguments, both motions will be denied.

**I.**

This case arises from McGinnis's employment as a corrections officer at the Fayette County Detention Center ("FCDC") which ended upon his resignation in February 2024. [Record No. 16] McGinnis allegedly suffers from major depressive disorder and has experienced depression for more than ten years. [*Id.*] On January 16, 2024, after a workplace incident and disciplinary action was taken against him, McGinnis emailed his superior (Major LeMonds), stating that he was upset and unable to work. [Record No. 90-13] He also inquired about the possibility of taking a leave of absence. [*Id.*].

Major LeMonds responded that a leave of absence was not available. [*Id.*] McGinnis then explored several options for relief, but ultimately indicated *via* email on February 16, 2024, that he wished to resign. [*Id.*] On February 20, 2024, McGinnis signed a resignation form listing the same date as his last day of work. [Record No. 79-7] "Mental health reasons" was listed as the reason for his resigning. [*Id.*]

Less than a month later (March 7, 2024), McGinnis contacted LFUCG to express interest in returning in a different capacity. [Record No. 79-9] He proposed in that communication the creation of a new position for himself as part of an "inmate development pilot program" that he had designed. [*Id.*] McGinnis had multiple communications with LFUCG thereafter. On June 7, 2024, McGinnis submitted a new employment application with LFUCG, indicating that he had not been suspended, dismissed, or forced to resign from employment within the previous twelve months. [Record No. 79-10 at 6]

On June 12, 2024, McGinnis submitted an open record request seeking copies of his resignation emails and the signed resignation form. [Record No. 79-12] He emailed Chief Scott Colvin ("Chief Colvin") three days later, asking questions regarding his employment record and his reapplication and stating that his employment file had been corrected to reflect that he resigned rather than having been terminated. [Record No. 79-13] On August 7, 2024, he contacted Human Resources to inquire about the process for a corrections officer who had resigned but wished to seek reemployment within one year. [Record No. 79-14] McGinnis was not rehired.

McGinnis later filed this action against LFUCG, alleging violation of the Americans with Disabilities Act. [Record No. 16] He claims that LFUCG failed to provide reasonable

accommodation or grant a leave of absence, discriminated against him when he reapplied for his position, and retaliated against him by refusing to rehire him. [*Id.*]

Nearly four months before the close of discovery, on December 18, 2025, LFUCG moved for partial summary judgment on the issues of back pay and front pay, arguing that McGinnis is not entitled to either form of relief as a matter of law. [Record No. 79; *see* Record Nos. 79-1 and 33.] On December 30, 2025, McGinnis filed a response to that motion. And he moved for partial summary judgment within the same filing. [Record No. 82; *see* Record No. 83.]

## II.

Entry of summary judgment is appropriate if there are no genuine disputes regarding any material facts and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Chao v. Hall Holding Co.*, 285 F.3d 415, 424 (6th Cir. 2002). The determination must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

The moving party in the typical case has the initial burden to produce evidence to present a prima facie case that the movant is entitled to judgment as a matter of law. *Celotex,* 477 U.S. at 317. And once the moving party has met its burden of production, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Keeneland Ass'n, Inc. v. Earnes*, 830 F. Supp. 974, 984 (E.D. Ky. 1993) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Indeed, the nonmoving party cannot simply rely upon the assertions in its pleadings; rather that party must come

- 3 -

forward with probative evidence, such as sworn affidavits to support its claims. *Celotex*, 477 U.S. at 324.

### III.

### LFUCG's Motion for Partial Summary Judgment

Defendant LFUCG moves for partial summary judgment, requesting the Court to rule as a matter of law that McGinnis is not entitled to back pay or front pay. [Record No. 79-1] Although discovery has not yet concluded, LFUCG asserts that no further discovery is necessary to resolve these issues. [*Id.*] According to LFUCG, McGinnis's own admissions establish that he voluntarily resigned and remained medically able to work after his resignation yet failed to mitigate any alleged damages by withdrawing from the labor market. [*Id.*]

Before ruling on motions for summary judgment, courts must afford the parties adequate time for discovery. *Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1195 (6th Cir. 1995) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)). And courts frequently deny summary judgment motions as premature when they are filed before the close of discovery. *See CLT Logistics v. River W. Brands*, 777 F. Supp. 2d 1052, 1076 (E.D. Mich. 2011). *See also Tucker v. Union of Needletrades, Indus. & Textile Emps.*, 407 F.3d 784, 788 (6th Cir. 2005) ("a motion for summary judgment may not be granted until a plaintiff has had an opportunity for discovery."); *Wells v. Corp. Accts. Receivable*, 683 F. Supp. 2d 600, 602 (W.D. Mich. 2010) ("a motion for summary judgment filed before the close of discovery is often denied as premature in [the Sixth C]ircuit, either on the opposing party's Rule 56(f)2 affidavit and request or on the court's own initiative without an explicit request from the opposing party.").

Here, more than three months remained in the discovery period when LFUCG filed its motion.[1] In addition, McGinnis, who is proceeding *pro se*, contends that the motion is premature because he is still obtaining evidence and facts essential to oppose the arguments in LFUCG's motion. [Record Nos. 82 and 83] The Court will deny LFUCG's motion for partial summary judgment, without prejudice as premature, to allow the parties to complete discovery before filing dispositive motions.

### McGinnis's Motion for Partial Summary Judgment

McGinnis's Motion for Partial Summary Judgement responds to LFUCG's motion and asks the Court to effectively take judicial notice of several facts rather than rule that a claim or defense succeeds or fails. [*See* Record No. 83.] Specifically, he asks the Court to determine that the following have already been proven: (1) LFUCG failed to initiate and engage in the interactive process; (2) that McGinniss provided sufficient notice under the ADA to trigger LFUCG's duty to begin that process; (3) that McGinnis has major depressive disorder, which qualifies as a disability under the ADA and requires an accommodation of intermittent leave during flare-ups, and LFUCG cannot claim it lacked knowledge of this disability because it failed to engage in the interactive process; (4) that McGinnis is a qualified individual who can perform the essential duties of the job with the reasonable accommodation of intermittent leave during flare-ups, and LFUCG cannot claim it did not know he was qualified; (5) that McGinnis requested a leave of absence as a reasonable accommodation under the ADA, and because LFUCG failed to engage in the interactive process it cannot now argue that the request was unreasonable or imposed an undue burden; and (6) that McGinnis's request perform rover

---

[1] Discovery is scheduled to close on April 13, 2026. [Record No. 33]

duties was a reasonable accommodation that LFUCG likewise cannot challenge as unreasonable or unduly burdensome after failing to engage in the interactive process. [Record No. 83 at 1–2]

However, the Court will not take judicial notice of the facts the plaintiff identifies. These allegations are neither beyond reasonable dispute nor generally known within this Court's territorial jurisdiction. *See* Fed. R. Evid. 201; *In re Omnicare, Inc. Sec. Litig.*, 769 F.3d 455, 465–66 (6th Cir.2014). Next, to the extent McGinnis seeks relief in the form of partial summary judgment, the Court cannot determine which claims or defenses the motion addresses. The motion does not ask the Court to determine whether any claim or defense succeeds or fails. In any event, for the same reasons discussed above regarding LFUCG's motion, McGinnis's motion is premature because discovery has not yet concluded. Accordingly, to the extent McGinnis seeks entry of summary judgment in his favor, the Court will deny the motion without prejudice.

## IV.

Based on the foregoing, it is hereby **ORDERED** as follows:

1. Defendant Lexington-Fayette Urban County Government's Motion for Partial Summary Judgment [Record No. 79] is **DENIED,** without prejudice.

2. Plaintiff Will McGinnis's Motion for Partial Summary Judgment [Record No. 83] is **DENIED**, without prejudice.

Dated: March 9, 2026.

*signature*

<u>Danny C. Reeves, District Judge</u>
United States District Court
Eastern District of Kentucky
